The PEOPLE of the State of
Colorado, Petitioner,

v.

Kevin ANDERSON, Respondent.

No. 92SA219.

Supreme Court of Colorado,
En Banc.

Dec. 14, 1992.

Norman S. Early, Jr., Dist. Atty., Second
Judicial Dist., Nathan B. Coats, Chief Appellate Deputy Dist. Atty., Denver, for petitioner.

David F. Vela, State Public Defender,
Kimberly A. Grogan, Deputy State Public
Defender, Denver, for respondent.

Justice KIRSHBAUM delivered the
Opinion of the Court.

The petitioner, the People of the State of
Colorado, has filed this interlocutory appeal, pursuant to C.A.R. 4.1, to challenge
the district court's order suppressing statements made to a Denver police detective by
the defendant, Kevin Anderson, after the
defendant had been advised of his right to
counsel as prescribed by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16
L.Ed.2d 694 (1966), and had waived that
right. The district court held that the defendant's Sixth Amendment right to counsel was violated when the detective initiated a conversation with the defendant after the defendant had requested the appointment of counsel. We reverse.

I

The defendant is charged with unlawful
distribution, manufacturing, dispensing,
sale and possession of a controlled substance. § 18–18–105, 8B C.R.S. (1986 &
1991 Supp.). He was arrested on January
5, 1992. On January 6, 1992, the defendant
appeared before a county judge and was
advised of his rights pursuant to Crim.P. 5.
Also on that day, the defendant executed a
form entitled "Application for Court–Appointed Counsel," which required the defendant to disclose personal and financial
information, and signed a pre-printed memorandum with a deputy state public defender, which stated as follows:

> Kevin Anderson has stated that s/he
> would like to be represented by an attorney in the matter now under investigation for [possession].

> We have reviewed his/her application
> for representation by the Public Defender's Office, and we have made a preliminary determination that s/he qualifies
> for court-appointed counsel. We request
> appointment to this case as of this date.

The memorandum was directed to the court
and the district attorney's office.

At approximately 1:15 P.M. on January 8, 1992, before any formal charge had been filed, Detective Joseph Padilla of the Denver Police Department contacted the defendant at the Denver City Jail, advised the defendant of his *Miranda* rights, and witnessed the defendant's execution of a form acknowledging that the defendant understood his rights and wished to speak to the detective. The defendant thereafter made inculpatory statements to the detective.[1]

The next day, January 9, 1992, a complaint/information was filed in Denver District Court charging the defendant with the offenses heretofore described. After the case had been bound over to the district court for trial, the defendant moved to suppress his January 8, 1992, statements to Detective Padilla. The defendant contended that these statements were obtained in the absence of a valid waiver of his *Miranda* rights and in violation of his right to counsel under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; article II, section 16 of the Colorado Constitution; and section 16–3–401, 8A C.R.S. (1986).[2]

The trial court granted the defendant's motion, concluding that although the defendant voluntarily waived his *Miranda* rights on January 8, 1992, the January 6, 1992, memorandum constituted a request for counsel and that Detective Padilla's subsequent conversation with the defendant violated the defendant's Sixth Amendment right to counsel.[3] The People timely filed this interlocutory appeal.

## II

The People argue that the defendant's Sixth Amendment right to counsel had not attached at the time the defendant made his statements to Detective Padilla. We agree.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. A defendant's Sixth Amendment right attaches " 'at or after the time that adversary judicial proceedings have been initiated against him ... whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.' " *United States v. Gouveia*, 467 U.S. 180, 187–88, 104 S.Ct. 2292, 2297, 81 L.Ed.2d 146 (1984) (quoting *Kirby v. Illinois*, 406 U.S. 682, 688–89, 92 S.Ct. 1877, 1881–82, 32 L.Ed.2d 411 (1972) (plurality opinion)).[4] "[I]f police initiate interrogation after a defendant's assertion, at an arraignment or similar proceeding, of his right to counsel, any waiver of the defendant's right to counsel for that police-initiated interrogation is invalid." *Michigan v. Jackson*, 475 U.S. 625, 636, 106 S.Ct. 1404, 1411, 89 L.Ed.2d 631 (1986).

At the time the defendant made the statements to Detective Padilla, the only proceeding that had been conducted was the Crim.P. 5 proceeding. At that proceeding, the court had informed the defendant of certain rights, in conformity with the following pertinent provisions of the rule:

(2) **Appearance Before the Court.** At the first appearance of the defendant in court, it is the duty of the court to inform the defendant and make certain that the defendant understands the following:

§ 16–3–401(1), 8A C.R.S. (1986).

---

1. According to Detective Padilla, the defendant stated, among other things, that "he came from California with three other subjects in—with the ultimate goal of distributing cocaine throughout the Denver area. He was merely assisting the other subjects. His payment for assisting them was a small amount of cocaine."

2. The statute states in pertinent part as follows:
   **Treatment while in custody.** (1) No unlawful means of any kind shall be used to obtain a statement, admission, or confession from any person in custody.

3. The trial court did not address the other grounds the defendant raised in his motion to suppress. We therefore review the court's order only on the basis of the Sixth Amendment.

4. We have adopted the same test for determining whether the right to counsel attaches under article II, section 16 of the Colorado Constitution. *See People v. Ross*, 821 P.2d 816, 820 n. 4 (Colo.1992); *People v. Aalbu*, 696 P.2d 796, 807 (Colo.1985).

(I) The defendant need make no statement and any statement made can and may be used against the defendant;

(II) The right to counsel;

(III) If indigent, the defendant has the right to request the appointment of counsel or consult with the public defender before any further proceedings are held;

(IV) Any plea the defendant makes must be voluntary and not the result of undue influence or coercion;

(V) The right to bail, if the offense is bailable, and the amount of bail that has been set by the court;

(VI) The nature of the charges;

(VII) The right to a jury trial;

(VIII) The right to demand and receive a preliminary hearing within a reasonable time to determine whether probable cause exists to believe that the offense charged was committed by the defendant.

Crim.P. 5(a)(2). On the date of the Crim.P. 5 proceeding held in this case no complaint/information or indictment had been filed. Thus, at that time the People had not elected to prosecute the defendant. For this reason, the Crim.P. 5 proceeding did not constitute an initiation of an adversary judicial proceeding against the defendant for purposes of the Sixth Amendment right to counsel. *See Kirby*, 406 U.S. at 682, 92 S.Ct. at 1878 (initiation of judicial criminal proceedings signifies the start of whole system of adversary criminal justice because at that time the government has committed itself to prosecute, and the adverse positions of government and defendant have formed).

This conclusion is consistent with our recent decision in *People v. Vigoa*, 841 P.2d 311 (Colo.1992), wherein we addressed a similar question. We there determined that the defendant's execution of a memorandum in circumstances substantially similar to the circumstances disclosed by the record in this case did not constitute an invocation of the defendant's Sixth Amendment right to counsel. *Vigoa*, 841 P.2d at 317. However, we also cautioned that if during a Crim.P. 5 proceeding a defendant indicated that he or she was incapable of, or apprehensive about, dealing with police officials while in custody and wanted to speak with a lawyer, the county court could immediately appoint a lawyer for the purpose of counseling the defendant with respect to his or her *Miranda* rights. *Id.* at 317. In this case, as in *Vigoa*, the defendant made no such request.

The defendant argues that the Supreme Court's ruling in *Escobedo v. Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), requires a different result. In that case, the defendant made inculpatory statements to police officials after the defendant had been placed in custody but prior to the time a formal indictment was filed. *Id.* at 479–85, 84 S.Ct. at 1759–62. While the defendant was in custody, he was interrogated in the absence of counsel. Although the defendant informed the officials he wanted to consult an attorney, his request was denied and he was not informed of his right to remain silent. *Id.* at 490–91, 84 S.Ct. at 1764–65. At trial, the defendant's motion to suppress the statements was denied and the defendant's subsequent conviction was affirmed by the Illinois Supreme Court. *Id.* at 483, 84 S.Ct. at 1761.

The Supreme Court reversed the conviction, holding that the defendant's Sixth Amendment right to counsel was violated when the police conduct shifted from an investigatory to an accusatory mode because at that point the adversary system began to operate. *Id.* at 492, 84 S.Ct. at 1766. Thus the Court deemed the fact that the defendant had not been indicted at the time the statements were made to be irrelevant for Sixth Amendment purposes. *Id.* at 485, 84 S.Ct. at 1762.

The defendant's reliance on *Escobedo* is misguided. As later interpreted in *Kirby*, *Escobedo* was meant "to guarantee full effectuation of the privilege against self-incrimination," as opposed to effectuate the Sixth Amendment right to counsel. *Kirby*, 406 U.S. at 689, 92 S.Ct. at 1882 (citation omitted). *Kirby* also limited *Escobedo*'s holding to the particular facts of that case. *Id.* In this case Detective Padilla fully informed the defendant of his right to

**624**

counsel prior to any interrogation and the defendant voluntarily waived that right.

Because the defendant's Sixth Amendment right to counsel had not attached at the time the defendant made the statements to Detective Padilla, the statements were not obtained in violation of that constitutional guarantee. The trial court's contrary conclusion is therefore erroneous.

### III

For the foregoing reasons, the trial court's ruling is reversed and the case is remanded to that court for further proceedings.