The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Lind LIPPOLDT, Defendant–Appellant.

No. 93CA1156.

Colorado Court of Appeals,
Div. V.

Feb. 9, 1995.

Rehearing Denied March 9, 1995.

Certiorari Granted Aug. 28, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Matthew S. Holman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Karen Mahlman Gerash, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge KAPELKE.

Defendant, Lind Lippoldt, appeals from the sentence imposed following his termination from a community corrections program. We vacate the sentence and remand the cause for resentencing.

Following his entry of a plea of guilty to the charge of unlawful sale of marijuana, defendant was sentenced to a term of four years in a community corrections program. Approximately five months later, defendant was terminated from the program based upon an allegation that he had committed theft. Defendant was afforded a hearing by the community corrections hearing committee before the termination.

Defendant was returned to the district court for a hearing on the motion to resentence. At that hearing, the court indicated to the defendant that he was not entitled to counsel at the hearing and imposed a sentence of four years with the Department of Corrections.

Since the original sentencing hearing, defendant's attorney had become a member of the district attorney's staff and therefore was unable to represent defendant at the resentencing. Defendant informed the court that the public defender was unavailable to attend and represent him at the resentencing hearing.

On appeal, defendant contends that his right to due process was violated when he was sentenced to a term of incarceration after revocation of his community corrections sentence without the benefit of counsel and without consideration of possible placement other than with the Department of Corrections. We agree.

■ Section 17–27–103(3), C.R.S. (1986 Repl.Vol. 8A) provides that if an offender is rejected by the corrections board after initial acceptance, the offender shall remain in the facility or program for a reasonable period of

time pending receipt from the sentencing court or the corrections department of appropriate orders for transfer. The statute further provides that the sentencing court is authorized to make appropriate orders for the transfer of such offender to the department of corrections and to resentence such offender and impose *any* sentence which might originally have been imposed without increasing the length of the original sentence. *See also* § 17–27–114(2), C.R.S. (1986 Repl.Vol. 8A).

In *People v. Wilhite*, 817 P.2d 1017 (Colo. 1991), *cert. denied*, 502 U.S. 1103, 112 S.Ct. 1193, 117 L.Ed.2d 434 (1992), our supreme court rejected a claim that a defendant who has been rejected by a community corrections facility has a due process right to an evidentiary hearing. Also, §§ 17–27–103(3) and 17–27–114(2), C.R.S. (1986 Repl.Vol. 8A) provide that the sentencing court is not required to provide the offender with an evidentiary hearing prior to resentencing. However, neither *Wilhite* nor the statutes address the defendant's right to be represented by counsel at the resentencing hearing.

■ The right to counsel exists at every "critical stage" of a criminal prosecution. *People v. Roybal*, 618 P.2d 1121 (Colo.1980). The United States Supreme Court has recognized that a sentencing hearing is such a critical stage, at which substantial rights of the defendant may be affected. *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967).

A probation revocation proceeding has also been held to be a critical stage of the criminal proceeding if the proceeding requires the trial court to set the defendant's prison term. *Mempa v. Rhay, supra.* But when a probation revocation hearing involves a prison sentence that had previously been imposed but then suspended in favor of probation, the proceeding has been held not to be part of the criminal prosecution. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

In *Gagnon v. Scarpelli, supra*, the loss of liberty resulting from parole or probation revocation was held to be a "serious deprivation" requiring the protection of due process.

Rather than impose an absolute rule, the Supreme Court ruled that the determination of the need for counsel must be made on a case-by-case basis in the exercise of sound discretion.

Here, at the resentencing hearing, the defendant requested the assistance of counsel and claimed that he had not committed the alleged theft. The sentencing court indicated that defendant was not entitled to counsel and that it was incumbent upon the court to resentence him "to the Department of Corrections for the same term that [he] had in community corrections which would be four years."

The sentencing court's statements indicate that it may have acted under the misapprehension that imposition of a term of incarceration for the same amount of time as the community corrections sentence was its only option. The court's options were not so narrow, and advocacy by counsel for defendant might have played a role in the court's resentencing determination.

While the defendant was not entitled to an evidentiary hearing prior to the resentencing, we conclude that he did have a due process right to representation by counsel at the resentencing. The assistance of an articulate advocate might have protected his right of allocution with regard to possible mitigating circumstances which, in turn, might have resulted in the imposition of a less restrictive loss of his liberty upon termination from the community corrections program. *See Mempa v. Rhay, supra;* and *Gagnon v. Scarpelli, supra.*

Accordingly, the defendant is entitled to be resentenced at a hearing at which he is afforded the assistance of counsel.

The sentence is vacated, and the cause is remanded to the trial court with directions to resentence the defendant and to afford him the right to counsel at his resentencing.

STERNBERG, C.J., and DAVIDSON, J., concur.