The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Heath **JAMES**, Defendant–Appellant.

No. 95CA1975.

Colorado Court of Appeals, Div. III.

Dec. 27, 1996.

Rehearing Denied Jan. 30, 1997.

Certiorari Denied July 28, 1997.

of Corrections (the Department) after his placement in a community corrections facility was terminated for unsuccessful compliance. On appeal, defendant argues that the sentencing court erred by summarily entering the resentencing order without affording him an opportunity to appear with counsel and be heard at a resentencing hearing. We conclude defendant is not entitled to such a hearing and, therefore, affirm.

The relevant procedural history is not in dispute. Defendant was convicted of a single count of felony menacing and, after a full sentencing hearing, was sentenced to three years in a community corrections facility. When the trial court was subsequently notified by the community corrections facility that defendant's placement had been terminated, the court entered an amended order sentencing defendant to the custody of the Department for three years. Defendant was not provided with a court hearing nor any opportunity to speak in allocution after he was terminated from the community corrections facility and placed in the custody of the Department.

Subsequently, the court vacated the amended sentencing order in order to allow both parties an opportunity to file briefs addressing the legality of the trial court's resentencing procedure. The court issued a written order rejecting defendant's arguments challenging the procedure, and confirmed the sentence in accordance with its original order without affording him any further sentencing hearing. Defendant appeals from that order.

Defendant contends that the trial court erred in resentencing him from community corrections to the Department of Corrections in his absence from court. He argues that the trial court has violated his rights to due process and, specifically, his rights to confrontation and to assistance of counsel by resentencing in that manner. We disagree.

Defendant's claim is controlled by the most recent provision of the applicable statute which provides as follows: "If an offender is rejected after acceptance by a community corrections board or a community corrections

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Jacque L. Russell, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Julie Iskenderian, Deputy State Public Defender, Denver, for Defendant-Appellant.

Opinion by Judge JONES.

Defendant, Heath G. James, appeals the order imposing a sentence to the Department

program, the court may resentence the offender *without any further hearing* so long as the offender's sentence does not exceed the sentence which was originally imposed upon the offender." Section 17–27–105(1)(e), C.R.S. (1996 Cum.Supp.) (emphasis added). Concerning the constitutionality of this statute, the case presents an issue of first impression. However, decisions addressing similar claims under previous statutes are pertinent to resolve issues raised here concerning the constitutionality of the present statute.

In *Wilson v. People*, 747 P.2d 638, 643 (Colo.1987), our supreme court held that, pursuant to §§ 17–27–103(3) and 17–27–114(2), C.R.S. (1986 Repl.Vol. 8A): "[T]he defendant was entitled to a hearing before his community corrections placement could be revoked because of an alleged violation of a rule or condition of placement." The court in *Wilson* explained that the purpose of the hearing was two-fold. The court was first to determine "the existence of the alleged violation and, if the violation is established, [then to determine] whether an offender should remain in community corrections, rather than to remove him summarily from the program." *Wilson v. People, supra,* 747 P.2d at 643. Because the *Wilson* court concluded that such a hearing was required statutorily, the court did not reach the question of whether such a hearing was necessary to comply with due process.

In *People v. Wilhite*, 817 P.2d 1017 (Colo. 1991), *cert. denied*, 502 U.S. 1103, 112 S.Ct. 1193, 117 L.Ed.2d 434 (1992), the supreme court decided the constitutional question left open in *Wilson*. Although the defendant in *Wilhite* had been rejected from a community corrections facility and resentenced to the custody of the Department without an evidentiary hearing, the case could not be decided on the statutory grounds relied on in *Wilson* because, in 1989, the General Assembly had amended §§ 17–27–103(3) and 17–27–114(2), by adding language to each provision stating that: "The sentencing court is not required to provide the offender with an evidentiary hearing prior to resentencing."

In noting this statutory change, the *Wilhite* court explained that the legislative his-

tory made clear that the amendment was enacted in direct response to the *Wilson* decision, stating: "[T]he legislature passed the [statutory] amendments in full awareness of . . . *Wilson*, and with the intent to deny probationers and direct placement offenders a mandatory hearing, notwithstanding our decision." *People v. Wilhite, supra,* 817 P.2d at 1021. *See* Hearings on H.B. 1091 before Senate Judiciary Committee, 59th General Assembly, 1st Session (February 27, 1989). *See also People v. Akin,* 783 P.2d 267 (Colo.1989)(fn.2)(In discussion of hearing on resentencing, court noted that statute had been amended to provide "sentencing court is not required to provide the offender an evidentiary hearing prior to resentencing.").

The *Wilhite* court held that the statutory amendments did not deny the defendant due process of law because he had no liberty interest in remaining at a community corrections facility. The court reasoned that there could be no protected liberty interest created by statute because a defendant could be rejected by a community corrections facility as a matter of discretion before or after acceptance, whether or not a reason is stated. The court further concluded that, because the amendments had eliminated any statutory right to "an evidentiary hearing prior to resentencing, there was no statutory right or justifiable expectation created by state law" which would require due process protections. *People v. Wilhite, supra,* 817 P.2d at 1017.

It is unclear whether the defendant in *Wilhite* was given any opportunity to address the sentencing court at resentencing or whether the resentencing in that case was accomplished entirely by written order. However, in analyzing and rejecting the defendant's equal protection claim, challenging the different treatment of direct placement offenders as compared to transitional placement offenders for whom an evidentiary hearing is available pursuant to the Department's rules, the *Wilhite* court set forth its understanding of the type of hearing eliminated by the 1989 amendments:

In eliminating the mandatory evidentiary hearing for direct placement offenders, the legislature found that a hearing after re-

jection by a community corrections facility would be duplicative of the sentencing hearing. It reasoned that usually only a short period of time will have passed since the original sentencing hearing. The legislature recognized that one factor will have changed since the original sentencing hearing because rejection of a direct placement offender by a community corrections facility eliminates that placement as a sentencing option.... Thus, the sentencing court normally will be fully apprised of its remaining sentencing options without a second hearing and the sentencing court retains jurisdiction to hold an evidentiary hearing, if necessary or appropriate.

*People v. Wilhite, supra,* 817 P.2d at 1022–23.

Thus, whether or not the defendant in *Wilhite* did, in fact, receive any type of hearing prior to resentencing, it is clear that the supreme court determined he was not constitutionally or statutorily entitled to one.

The distinction between an evidentiary hearing and an opportunity to be heard at resentencing was determinative to the division of this court which decided *People v. Lippoldt,* 902 P.2d 852 (Colo.App.1995), *cert. dismissed,* 915 P.2d 1334 (Colo.1996)(because of death of defendant). Interpreting the same statutory language at issue in *Wilhite,* the court in *Lippoldt* concluded that: "[N]either *Wilhite* nor the statutes address the defendant's right to be represented by counsel at the resentencing hearing."

The *Lippoldt* court decided that a resentencing hearing following a defendant's rejection from a community corrections facility was a constitutionally critical stage in the proceedings because, as with a revocation of probation proceeding not involving a previously suspended sentence, the sentencing court had discretion to select from a range of sentencing alternatives:

While the defendant was not entitled to an evidentiary hearing prior to the resentencing, we conclude that he did have a due process right to representation by counsel at the resentencing. The assistance of an articulate advocate might have protected his right of allocution with regard to possible mitigating circumstances which, in turn, might have resulted in the imposition of a less restrictive loss of his liberty upon termination from the community corrections program.

*People v. Lippoldt, supra,* 902 P.2d at 853.

Read narrowly, *Lippoldt* is consistent with the holding of *Wilhite.* The precise issue presented in *Lippoldt* was not whether the trial court could constitutionally dispense with the resentencing hearing entirely. Rather, because the defendant in *Lippoldt* had been brought before the trial court for a resentencing hearing, the only question at issue was whether the defendant had a right to counsel since the trial court had convened a resentencing hearing.

Therefore, while it is true that some language in *Lippoldt* suggests that such a proceeding will normally be held, that opinion does not hold that such a resentencing proceeding is constitutionally required. Indeed, such a conclusion would be directly at odds with the holding of *Wilhite.* In any event, because no resentencing hearing was held in the present case, *Lippoldt* is inapposite to our analysis.

In summary, the language of § 17–27–105(1)(e) plainly states that a defendant rejected from a community corrections facility may be resentenced "without any further hearing." The denial of such a resentencing hearing has been found to be constitutional in *Wilhite* prior to this most recent legislative clarification.

■ Thus, while the trial court retains its discretion to grant a hearing at the time of resentencing, and such may be the better practice in appropriate cases, we hold that the granting of a hearing is not constitutionally required. Therefore, the trial court did not err by summarily resentencing defendant to the custody of the Department.

The sentence is affirmed.

ROTHENBERG and BRIGGS, JJ., concur.