The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Casey Wade DUKE, Defendant–Appellant.

No. 99CA0544.

Colorado Court of Appeals.
Div. I.

April 26, 2001.

Certiorari Denied Nov. 19, 2001.

Ken Salazar, Attorney General, Evan W. Jones, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Anne Whalen Gill, P.C., Anne Whalen Gill, Greenwood Village, CO, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, Casey Wade Duke, appeals from the trial court's order denying his motion for post-conviction relief pursuant to Crim. P. 35(b) and 35(c). We affirm in part, reverse in part, and remand for additional proceedings.

Defendant was charged with one count of criminal mischief for considerably damaging an automobile with a hammer a few weeks before his 18th birthday. Pursuant to § 19–2–517, C.R.S.2000, he was prosecuted in district court because he had twice before been adjudicated a juvenile delinquent.

Defendant pled guilty in exchange for a community corrections sentence. The court sentenced him to six years in community corrections, but suspended three years of that sentence conditioned on defendant's successfully serving the initial three years in community corrections. The court advised defendant that if he violated the requirements of the community corrections program, he could be sentenced to six years in the Department of Corrections (DOC).

Six months later, defendant was terminated from community corrections. Subsequently, defendant appeared without counsel before the trial court and was resentenced to a term of six years in DOC.

Five months after having been resentenced, defendant, through counsel, filed a motion with the trial court for post-conviction relief pursuant to Crim. P. 35(b) and 35(c). Ultimately, defendant raised three assertions: (1) guilty plea counsel was ineffective for failing to seek to disqualify the district attorney or at least to inform defendant that a motion could be made to disqualify the district attorney; (2) his sentence should be vacated because no defense counsel was present at the resentencing hearing; and (3) his sentence should be reduced.

With respect to the last assertion, defense counsel acknowledged that he had filed the motion beyond the 120–day time limit prescribed in Crim. P. 35(b). Accordingly, he asked that, if the court denied the motion as untimely, conflict-free counsel be appointed to assert his own ineffectiveness in failing to timely raise the claim.

The trial court denied defendant's request for Crim. P. 35(c) relief, finding that: 1) defendant waived any right to disqualify the district attorney by failing to object to his handling of the case; and 2) defendant had no right to be represented by counsel at resentencing because no "hearing" was conducted at that time.

The trial court also denied defendant's request for Crim. P. 35(b) relief, finding that: 1) the court lacked jurisdiction to consider the request because of its untimeliness; and 2) defendant had not demonstrated the excusable neglect or ineffective assistance of counsel required for extending the 120–day period for filing such a request.

*I. Ineffective Assistance of Counsel:*
*Failure to Seek Disqualification*
*of District Attorney*

Defendant contends that the trial court erred in not addressing whether plea counsel's failure to seek disqualification of the district attorney constituted ineffective assistance of counsel. We agree but nonetheless affirm the ruling of the trial court.

The district attorney had been disqualified, on appearance of impropriety grounds, from participating in an earlier juvenile prosecution of defendant. Defendant's guilty plea counsel did not attempt to disqualify the district attorney in this case.

At the Crim. P. 35 hearings, defendant argued that the district attorney could not file additional cases against him because of the previous disqualification and that he had not waived the right to disqualify the district attorney here. He also presented testimony from a deputy district attorney from a different office, who opined that the district attorney should not have filed the present charges after being disqualified in the earlier case.

Additionally, defendant argued that he was prejudiced because, had he known he could have sought disqualification of the district attorney, he would have requested a special prosecutor, who might not have filed the charges directly in district court.

The trial court found that defendant had waived the right to disqualify the district attorney by failing to object to the district attorney's involvement in the case until after defendant had been resentenced. However, the court made no findings addressing defendant's separate and independent claim that plea counsel was ineffective for waiving the disqualification issue.

Although the court should have addressed defendant's claim of ineffective assistance of counsel, its failure to do so is not cause for reversal. *See People v. Holmes,* 959 P.2d 406, 418 (Colo.1998)("although we disagree with the reasoning relied upon by the trial court, we affirm its judgment").

Here, we can determine as a matter of law that the record fails to support a claim of ineffective assistance of counsel.

To prevail on a claim of ineffective assistance of counsel, the defendant must establish that: 1) counsel's performance fell below the level of reasonably competent assistance; and 2) the deficient performance prejudiced the defense, resulting in a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden is on the defendant to prove each prong by a preponderance of the evidence. *People v. Russell,* 36 P.3d 92 (Colo.App. 2001).

Here, defendant presented evidence supporting the proposition that the district attorney could have been disqualified from the case. However, defendant presented no evidence indicating that plea counsel was ineffective for failing either to so advise defendant or to seek to disqualify the district attorney. Defendant presented no witness to relate what, under the circumstances, a reasonably competent defense attorney ought to have done or advised his client. Nor did defendant testify, or even argue, that he was prejudiced in the sense that he probably would not have entered his guilty plea but for counsel's errors. *See People v. Garcia,* 815 P.2d 937 (Colo.1991).

Because the presumption is that counsel provided effective assistance, *see, e.g., People v. Naranjo,* 840 P.2d 319 (Colo.1992), because defendant bears the burden of proving otherwise, and because defendant offered no proof with respect to the two prongs of the *Strickland* test, we conclude that as a matter of law he was not entitled to relief. *See People v. Garcia, supra* (if defendant fails to make an affirmative demonstration of prejudice, the court may resolve the claim on that basis alone). Consequently, the trial court's failure to make specific findings of fact and conclusions of law concerning this issue was harmless error. *See People v. Corichi,* 18 P.3d 807 (Colo.App.2000).

*II. Right to Counsel at Resentencing*
*Proceeding*

Defendant argues that he should be resentenced because he was not represented

by counsel when he appeared for resentencing. We disagree.

The record shows that the district attorney and defendant briefly appeared before the trial court for the resentencing. The two-page transcript shows the following sequence of events: 1) the district attorney and defendant appeared before the court; 2) the court indicated it had received notification that defendant had been terminated from the community corrections facility; 3) the court informed defendant that he was not entitled to a hearing and was going to be resentenced to DOC; 4) the court informed defendant that he could file a Crim. P. 35(b) motion within 120 days if he wanted the court to reconsider his sentence; 5) the court asked him if he understood this advisement; 6) the court asked the district attorney if he agreed that resentencing in another case was unnecessary; 7) the court resentenced defendant to six years in DOC; 8) the court asked defendant if he had any questions about a Crim. P. 35(b) motion; and 9) the court asked the district attorney, "anything else?" to which the district attorney responded, "No, thank you."

In ruling on defendant's Crim. P. 35(c) motion, the trial court concluded that defendant had not been deprived of the right to counsel because no resentencing "hearing" was conducted. The court also explained that its purpose in bringing defendant before it for resentencing was to advise him of his right to file a Crim. P. 35(b) motion within 120 days.

■ The right to counsel exists at every "critical stage" of a criminal prosecution, *People v. Evans,* 971 P.2d 229 (Colo.App. 1998), and a sentencing hearing is recognized as such a critical stage. *See Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); *People v. Malacara,* 199 Colo. 243, 606 P.2d 1300 (1980). While a defendant who has been terminated from community corrections has no right to a resentencing hearing where the new sentence imposed does not exceed the original sentence, § 17–27–105(1)(e), C.R.S.2000; *People v. Abdul,* 935 P.2d 4 (Colo.1997), if the court, in its discretion, grants a hearing, the defendant has a right to counsel at that hearing. *People v. Lippoldt,* 902 P.2d 852 (Colo.App.1995). If, however, the court does not grant a hearing, the defendant has no right to counsel with respect to resentencing. *See People v. James,* 940 P.2d 1092 (Colo.App.1996).

Here, because the trial court did not increase defendant's sentence, a resentencing hearing was not required. The issue is whether the court nonetheless held such a hearing, thereby triggering defendant's right to counsel.

■ Generally, a hearing contemplates the right to be present, to put forth one's contentions, and to support those contentions by evidence and argument. *See Westar Holdings Partnership v. Reece,* 991 P.2d 328 (Colo.App.1999).

Here, the record demonstrates that the trial court did not afford either the district attorney or defendant the opportunity to present evidence or argument before resentencing defendant. While, in other contexts, a court's question, phrased in terms of "anything else?" could be an invitation for evidence or argument, in this context it was not. The court's "anything else?" question followed, not preceded, the resentencing of defendant. Moreover, this question also followed the court's inquiry whether defendant had any questions about a Crim. P. 35(b) motion.

Under the circumstances, the court's "anything else?" question would not reasonably be understood to be an invitation to reopen the matter. If anything, it appears to have been simply a polite way of announcing the close of business on that case.

Because we have determined that the trial court did not afford either party an opportunity to present evidence or argument, we conclude that no hearing occurred for which defendant had a right to counsel.

Defendant's reliance on *People v. Lippoldt, supra,* in support of a contrary conclusion is misplaced. In *Lippoldt,* the panel was not asked to decide whether, for purposes of determining the right to counsel, a "hearing" occurs simply by virtue of the appearance of parties or lawyers in court. Indeed, in *Lippoldt,* the nature of the "hearing" was not

discussed; it was uncontested that the trial court had held a hearing prior to resentencing the defendant. Because of this difference, we do not consider *Lippoldt* controlling in this case.

Further, we reject defendant's argument that he was, in any event, entitled to have counsel assist him in exercising his rights of allocution and of presenting mitigating evidence. No such rights exist where, as here, the trial court does not attempt to increase the length of sentence beyond the original term to community corrections. *See People v. Abdul, supra.*

Finally, we note that defendant's mittimus does not reference the period of mandatory parole that attached by operation of law when the court resentenced him to the DOC. *See People v. Johnson,* 13 P.3d 309 (Colo.2000)(noting also that the attachment of mandatory parole period did not increase defendant's "sentence", for purposes of applying § 17–27–105(1)(e)). Consequently, the trial court must correct the mittimus to reflect that defendant is subject to a three-year period of mandatory parole. *See Craig v. People,* 986 P.2d 951 (Colo.1999); § 18–1–105(1)(a)(V)(A), C.R.S.2000.

### III. Ineffective Assistance of Counsel: Belated Filing of Crim. P. 35(b) Motion

■ Defendant contends that the trial court erred in not appointing conflict-free counsel to pursue the claim that post-conviction counsel was ineffective for belatedly filing the Crim. P. 35(b) motion for reduction of sentence. We agree.

The trial court denied defendant's request for Crim. P. 35(b) relief, concluding that it lacked jurisdiction to consider the request and that defendant had not demonstrated the excusable neglect or ineffective assistance of counsel required for extending the period for filing such a request.

However, the record shows that post-conviction counsel had ample opportunity to file a timely Crim. P. 35(b) motion. Indeed, he thought he had filed defendant's motion within the prescribed 120–day period, but in actuality he had filed another motion on behalf of a different defendant. Post-conviction counsel ultimately filed defendant's motion approximately 45 days after the expiration of the 120–day period.

Post-conviction counsel's failure to file a timely Crim. P. 35(b) motion deprived defendant of the right to seek a reduction of sentence. Counsel's omission may have constituted ineffective assistance of counsel, which would excuse or permit a belated filing of the motion. *See Swainson v. People,* 712 P.2d 479 (Colo.1986).

Because the trial court made no findings on this issue, we are unable to discern the basis for the court's conclusion that defendant had not been denied the effective assistance of counsel. *See Swainson v. People, supra.*

In this case, it would not be sufficient to remand the cause to the trial court to make findings. Because post-conviction counsel was prohibited from litigating his own ineffectiveness, the claim cannot be fairly, reliably, and fully resolved absent the participation of conflict-free counsel on defendant's behalf. *See Murphy v. People,* 863 P.2d 301 (Colo.1993). Accordingly, a remand is necessary for the appointment of conflict-free counsel to fully pursue and present the claim, as appropriate.

Accordingly, that portion of the order denying defendant's motion for Crim. P. 35(c) relief is affirmed; that portion of the order denying Crim. P. 35(b) relief because defendant had not demonstrated sufficient grounds for extending the otherwise applicable period for seeking such relief is reversed; and, the cause is remanded to the trial court to conduct further proceedings consistent with the views expressed in this opinion.

METZGER and VOGT, JJ., concur.