# IN THE COURT OF APPEALS OF IOWA

No. 13-0799
Filed June 11, 2014

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**JUSTEN ALAN FAGAN,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Iowa County, Douglas S. Russell, Judge.


　　　　Justen Fagan appeals the district court's denial of his pro se motion claiming his 2001 conviction for first-degree robbery is a "void judgment" because he did not have counsel when he requested final disposition of Iowa charges against him pursuant to the Interstate Agreement on Detainers Act.  **AFFIRMED.**


　　　　David A. Cmelik of David A. Cmelik Law, P.L.C., Cedar Rapids, for appellant.

　　　　Justen Alan Fagan, Anamosa, pro se.

　　　　Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, Tim D. McMeen, County Attorney, for appellee.


　　　　Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.  Potterfield and Tabor, JJ., take no part.

**DOYLE, J.**

This is Justen Fagan's fourth direct appeal from his conviction and sentence for first-degree robbery.[1]  In this appeal, Fagan asserts that because he did not have the benefit of counsel when he was presented with and signed paperwork concerning the Interstate Agreement on Detainers Act (IAD)[2] when in the custody of the State of Illinois, the paperwork was void.  He further asserts that because the IAD paperwork was void, the State's use of the speedy trial time period (180 days) under Iowa Code section 821.1(3)(a) (2001)[3] was improper and violated his rights to a ninety-day speedy trial deadline pursuant to Iowa Rule of Criminal Procedure 2.33(2).[4]  He thus concludes the judgment entered against him was void.  The State waived its time-bar claim asserted on appeal by failing to first raise the claim in the district court.  In considering the merits of Fagan's claims, we affirm the district court's denial of Fagan's request for relief.

### I.  History and Previous Appeals.

Fagan was under the jurisdiction of the Illinois correctional system when he was charged with first-degree robbery in Iowa. Fagan filed a "Demand for Speedy Trial Pursuant to Agreement on Detainers" requesting a "final disposition of all detainers based on

---

[1] Fagan also appealed the dismissal of two postconviction-relief actions arising from the same criminal incident.  *Fagan v. State*, No. 07-1421, 2009 WL 1492722, *1-*4 (Iowa Ct. App. May 29, 2009); *Fagan v. State*, 10-0739, 2012 WL 3854635, *1-*2 (Iowa Ct. App. Sept. 6, 2012).  This court affirmed both dismissals.  *See id.*

[2] For an excellent overview of the IAD, see *State v. Johnson*, 770 N.W.2d 814, 820-22 (Iowa 2009), and *State v. Widmer-Baum*, 653 N.W.2d 351, 354-57 (Iowa 2002).

[3] Iowa Code section 821.1(3)(a) requires a prisoner to be brought to trial on any "untried indictment, information or complaint" within 180 days after delivery of written notice of place of imprisonment and request "for a final disposition."

[4] Iowa Rule of Criminal Procedure 2.33(2)(b) requires a defendant be brought to trial within ninety days after indictment is found.  This rule applies when charges are brought against a defendant by way of a trial information.  *See State v. Olson*, 528 N.W.2d 651, 653 (Iowa Ct. App. 1995).  Here, the trial information was filed September 28, 2000, and trial commenced on July 9, 2001.

untried indictments, informations or complaints within the State [of Iowa]." An Iowa jury found him guilty of first-degree robbery.

*State v. Fagan*, No. 10-0660, 2011 WL 768826, at *1 (Iowa Ct. App. Mar. 7, 2011) (internal footnotes omitted). He was sentenced to "an indeterminate term, the maximum length of which shall not exceed twenty-five years." *Id.*

Fagan appealed, arguing there was insufficient evidence to support the verdict and that he was rendered ineffective assistance of counsel. *See State v. Fagan*, No. 2-575, 2002 WL 1842415, at *1 (Iowa Ct. App. Aug. 14, 2002). This court affirmed his conviction, concluding, among other things, that his speedy trial rights were not violated. *Id.* at *3.

> Following sentencing, Fagan was returned to Illinois to complete his prison sentence there. He was then sent back to Iowa to begin serving his sentence for first-degree robbery. At that time, the Department of Corrections . . . determined Fagan was subject to the mandatory minimum sentence required by the versions of Iowa Code sections 902.12 and 903A.2(1)(b) (2001) in effect when he was originally sentenced.

*Fagan,* 2011 WL 768826, at *1 (internal footnote omitted). Fagan challenged the determination. *Id.*

On appeal, this court addressed the legality of the sentence and concluded the sentence was illegal because the court failed to impose the mandatory minimum sentence prescribed by Iowa Code section 902.12. *Id.* at *1-*3. The court vacated the illegal sentence, and it remanded the case to the district court for imposition of the mandatory minimum sentence under sections 902.12 and 903A.2. *Id.* at *3. This court also rejected Fagan's argument that the IAD prevented the court from vacating his original sentence and substitution a new harsher sentence. *Id.* at *2-*3.

On remand, Fagan again raised the same IAD challenge he raised on appeal. The district court declined to address the issue, reasoning that Fagan "had [his] day in court on appeal with this issue." The court resentenced Fagan in accordance with section 902.12.

*State v. Fagan*, No. 11-1659, 2012 WL 3860649, at *1 (Iowa Ct. App. Sept. 6, 2012) (internal footnote omitted). Fagan appealed and raised the same IAD challenge that he had raised in the previous appeal that was decided against him. *Id.* Pursuant to the law of the case doctrine, this court declined to reconsider an issue that had already been decided. *Id.* This court affirmed the district court's remand decision sentencing Fagan to a prison term of twenty-five years, with a mandatory minimum of seven-tenths of the maximum sentence under section 902.12. *Id.*

## II. Present Appeal.

On March 14, 2013, Fagan filed with the district court a pro se document entitled "Void Judgment." He urged that the judgment against him was void because his Sixth Amendment right to counsel had been violated when he was not appointed counsel prior to signing the IAD papers in 2001.[5] He also asserted the judgment against him was void because he had not been brought to trial within the ninety-day time period prescribed in Iowa Rule of Criminal Procedure 2.33. Fagan further argued that "[a] judgment may be vacated at any time if it is void." He also suggested a void judgment is analogous to an illegal sentence, "as an illegal sentence is one not permitted by statute thus making it void," citing to *State v. Wiese*, 201 N.W.2d 734, 737 (Iowa 1972) (noting "a trial court does

---

[5] Fagan also filed a request for a restitution hearing on March 25, 2013.

not exhaust its jurisdiction until a valid judgment is entered").[6]  The State resisted, responding only to the merits of Fagan's right-to-counsel and speedy-trial claims.  The timeliness of Fagan's filing was not challenged by the State.

Considering the matter solely on the parties' filings, the district court deemed Fagan's "Void Judgment" filing to be a motion to correct an illegal sentence and denied it on the merits "[f]or the reasons set out in the State's Resistance."[7]  Fagan then filed a motion to enlarge, arguing the district court had misunderstood his argument.  The district court denied the motion explaining that "[t]he fact the court did not grant [his] requested relief does not mean the court did not understand the issues."

Fagan now appeals.[8]

---

[6] Pursuant to Iowa Rule of Criminal Procedure 2.24(5)(a), "[t]he court may correct an illegal sentence at any time."

[7] The court also denied Fagan's request for restitution hearing.  This denial is not a subject of the present appeal.

[8] Implicit in our rules of appellate procedure is that parties include *legible* documents in the appendix.  We have previously stressed the importance of providing legible materials in the appendix.  *See Slycord v. Garrett*, No. 13-1192, 2014 WL 1714955, at *3 n.3 (Iowa Ct. App. April 30, 2014).  Here, pages of the most critical document to this appeal, Fagan's "Void Judgment" filing, are unreadable because of some defect in the copying process during production of the appendix.  The document retrieved from the district court file is perfectly legible.  Non-electronic district court files are easily accessible to those judges who office in the Judicial Branch Building, but these materials are not readily available to those judges who office outside of Des Moines.  Ensuring that material included in the appendix is legible effectively makes that material readily and equally accessible to all judges on the panel considering the appeal—whether they office in Des Moines or elsewhere.

Additionally, Iowa Rule of Appellate Procedure 6.905(2)(b)(3) prescribes that the appendix shall contain relevant portions of the pleadings.  Here the district court stated in its order: "For the reasons set out in the State's resistance, the court finds [Fagan's 'Void Judgment' filing] to correct illegal sentence is without merit."  Although a copy of the State's resistance to Fagan's request for restitution hearing is included in the appendix, the State's resistance to Fagan's void judgment claim is not, even though it is specifically cited in the State's brief.  Again, this court had to resort to retrieving this critical document from the district court file.

This court's mandate is to justly decide a high volume of appeals.  *See* Iowa Ct. R. 21.11.  Parties' compliance with appellate rules of procedure promotes judicial

For the first time on appeal, the State argues that "[b]ecause this is a challenge to Fagan's underlying conviction, not his sentence, it cannot be raised at any time and should not be addressed by this [c]ourt." The State's argument comes too late in the game.

> [O]ne party should not ambush another by raising issues on appeal, which that party did not raise in the district court. To that end, we hold that we will not consider a substantive or procedural issue for the first time on appeal, even though such issue might be the *only* ground available to uphold a district court ruling.

*DeVoss v. State*, 648 N.W.2d 56, 63 (Iowa 2002). We therefore proceed to address the merits of Fagan's right to counsel and speedy trial arguments.

### III. Discussion.

### A. Right to Counsel.

Fagan asserts a violation of his right to counsel as assured by the Sixth Amendment of the federal constitution and article I, section 10 of the Iowa Constitution. We review constitutional claims de novo. *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011). In making our determination we consider the totality of the circumstances. *See id.*

Central to Fagan's argument on appeal is that we should interpret the Iowa Constitution to afford more protection than the federal constitution regarding the right to counsel in the circumstances presented here. This argument was not

---

efficiency, thus aiding this court in doing its work to meet that mandate. With full implementation of EDMS and electronic appellate filing, the appendix may well go the way of the dinosaur. But until then, parties' compliance with current rules governing the preparation of appendices is imperative.

We all make mistakes. This court has made its share. All we suggest is that the parties exercise a little more care in producing their appendices.

articulated to the district court. We will not consider an argument raised for the first time on appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

Fagan's right-to-counsel argument to the district court was summarized in his motion to enlarge as follows:

> [Fagan] does not argue denial of appointed counsel in Illinois while awaiting return to Iowa under [the IAD], Iowa Code section 821 . . . . His argument is a complete denial of any counsel, whatsoever, during the period in which Illinois correctional authorities brought IAD paperwork to him (and convinced him to sign this paperwork) caused the signing of said paperwork to be void, as it involved waivers of a Constitutional magnitude. Essentially, causing the entirety of the IAD within the matter to be void and, therefore, making all provisions under it a nullity.

Not being a part of the record before us, we have not a clue what IAD "paperwork" was presented to Fagan by Illinois correctional authorities. Our record does reflect that Fagan signed a hand-written, pro-se demand for speedy trial under the IAD in which he stated: "Now Comes [Fagan], pro se pursuant to Agreement on Detainers Section 730 ILCS 513-8.9 hereby request for a final disposition of all detainers based on untried indictments, informations or complaints within the state and jurisdiction of said court: . . . [Fagan] demands a speedy trial."

Fagan asserts his right to assistance of counsel was violated when presented IAD papers outside the presence of counsel and that his pro se waiver under the IAD "cannot possibly be described as voluntary." Fagan argues it was a "critical stage" of the prosecution against him when he was presented with IAD papers, and he therefore had a right to counsel at that time. *See State v. Majeres*, 722 N.W.2d 179, 182 (Iowa 2006) (holding defendant is entitled to counsel at every "critical stage" of the prosecution against defendant).

We are hamstrung by a dearth of law on this issue. The statute provides no requirement of counsel, and Fagan does not cite any controlling case authority for the proposition that he was entitled to counsel prior to making a request pursuant to the IAD for a final disposition of charges. Iowa appellate courts have not addressed the right-to-counsel issue in regard to the IAD. The State cites to two other jurisdictions that have found there is no constitutional right to counsel when a detainer is filed against an incarcerated defendant. The Colorado Court of Appeals held in *People v. Evans*, 971 P.2d 229, 232 (Colo. Ct. App. 1998):

> The benefits and protections of the IAD are statutory and not of constitutional dimension. We are not aware of any authority for the proposition that a defendant has a right to court-appointed counsel to assist in perfecting any statutory rights accorded by the IAD. We therefore conclude that the filing of a detainer against an incarcerated defendant is not a critical stage of the proceedings which implicates the defendant's right to court-appointed counsel at public expense.

(Internal citation omitted.) Similarly, the Court of Criminal Appeals of Tennessee held in *State v. Tyson*, 603 S.W.2d 748, 752 (Tenn. Crim. App. 1980):

> There is no authority for the Criminal Court of Montgomery County, Tennessee to compel . . . authorities [in Kentucky, where the defendant was incarcerated,] to provide counsel for the [defendant] prior to his decision whether to execute documents required by the [Interstate Compact [on Detainers]. In [*Hystad v. Rhay*, 533 P.2d 409, 414-15 (Wash. Ct. App. 1975), the Washington Court of Appeals] rejected the claim that the Sixth Amendment requires the appointment of counsel to contest extradition or transfer under the Detainer Act. . . . There is no constitutional right to counsel at this early stage of an Interstate Compact on Detainers case. Our legislature has provided no statutory authority for appointment of counsel in a sister state. There was no right to counsel prior to execution of the request form.

We are not persuaded by Fagan's attempt to distinguish these cases from his own.[9]

Finding no authority for the proposition that Fagan was entitled to counsel prior to requesting a final disposition of charges in Iowa under the IAD, we decline to adopt Fagan's argument. We therefore conclude Fagan's pro se invocation of his rights under the IAD was not void.

### B. Speedy Trial.

By demanding a speedy trial pursuant to the IAD, Fagan waived his ninety-day right to a speedy trial under Iowa Rule of Criminal Procedure 2.33(2) and consented to the longer IAD speedy trial deadline. Claiming his invocation of the IAD was void because he was not afforded assistance of counsel when presented with IAD forms, Fagan argues the shorter rule 2.33(2) speedy-trial deadline therefore applied. The State not having met the rule 2.33(2) deadline, Fagan contends his conviction is void. Having found no merit to Fagan's right-to-counsel argument, we necessarily reject Fagan's speedy-trial argument.

This court previously decided Fagan was tried well within the IAD 180-day deadline.[10] *Fagan*, 2002 WL 1842415, at *3. We will not reconsider an issue

---

[9] We also note that in extradition cases, close cousins to IAD cases, "[i]t is well settled that extradition proceedings are not considered criminal proceedings that carry the sixth amendment guarantee of assistance of counsel." *See Chewning v. Rogerson*, 29 F.3d 418, 421 (8th Cir. 1994) (listing cases). Further, "it has been consistently held that the extradition process is not a critical stage of a criminal proceeding and the constitutional right to counsel does not attach thereat." *People v. Morton*, 104 A.D.2d 569, 570, 479 N.Y.S.2d 275, 278 (2d Dep't 1984) (listing cases); *see also State v. Falcon*, 494 A.2d 1190, 1194 (Conn. 1985) ("[M]ost courts in other jurisdictions have held that even proceedings contesting extradition are not a 'critical stage' in the prosecution requiring the presence of counsel.") (same).

[10] For the first time on appeal, Fagan suggests the applicable IAD deadline appears to be the 120-day speedy trial deadline set forth in Iowa Code section 821.1(4)(c), not the 180-day deadline stated in section 821.1(3)(a), and he asserts the

that has already been decided. *See State v. Ragland*, 812 N.W.2d 654, 658 (Iowa 2012). We decline to revisit Fagan's speedy-trial argument under the IAD. Although "the law of the case doctrine is not without exceptions," we find none of the exceptions are applicable here. *Id.*

### IV. Conclusion.

For the above-stated reasons, we affirm the district court's denial of Fagan's request for relief.

**AFFIRMED.**

---

120-day deadline was violated. We will not consider an argument raised for the first time on appeal. *See Meier*, 641 N.W.2d at 537.