2014 COA 32

The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Ronald K. FIRM, Defendant–Appellant.

Court of Appeals No. 10CA1793

Colorado Court of Appeals,
Div. III.

Announced March 27, 2014

Mesa County District Court No. 09CR1144, Honorable Brian J. Flynn, Judge

John W. Suthers, Attorney General, Carmen Moraleda, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

Douglas K. Wilson, Colorado State Public Defender, Elizabeth Griffin, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by JUDGE TERRY

¶ 1 Defendant, Ronald K. Firm, appeals the judgment of conviction entered on a jury verdict finding him guilty of aggravated robbery, which subjected him to sentencing un-

der the crime of violence statute. He also appeals his sentence. We affirm.

¶ 2 As an issue of first impression, we conclude that it is not a violation of equal protection to apply section 18–4–302(1)(b), C.R.S.2013, to a complicitor charged under that section. We also clarify the distinction between the crimes proscribed under subsections (1)(b) and (1)(c) of section 18–4–302.

## I. Background

¶ 3 On the day of the charged incident, defendant and his son went to the victims' house to collect an unpaid debt. The victims refused to pay the debt. Defendant's son lifted up his shirt in front of the victims to reveal that he had a gun under the shirt, and both defendant and his son threatened to kill the victims if they called the police. Defendant then took some of the victims' personal property, ostensibly as collateral for the debt.

¶ 4 Defendant was charged with, and convicted of, aggravated robbery under section 18–4–302(1)(b). Although he was also convicted of other crimes, defendant appeals only his conviction and sentence for aggravated robbery.

## II. Equal Protection

¶ 5 Defendant contends that his conviction and sentence for aggravated robbery resulted in his being denied equal protection of the law. According to defendant, the evidence against him demonstrates that he was convicted as a complicitor; and although the conduct of which he was convicted as a complicitor would subject him to a lighter sentence under section 18–4–302(1)(c), he was instead wrongly convicted under subsection (1)(b) of that statute, which exposed him to heavier crime of violence sentencing under section 18–1.3–406, C.R.S.2013, for the same conduct described in section 18–4–302(1)(c). He contends that the imposition of disparate sentencing for such identical conduct violates equal protection. We reject these contentions.

## A. Standard of Review and Applicable Law

¶ 6 We review de novo constitutional challenges to sentencing determinations. *Lopez v. People*, 113 P.3d 713, 720 (Colo.2005).

¶ 7 A statute is presumed to be constitutional and the defendant has the burden to prove the statute's unconstitutionality beyond a reasonable doubt. *People v. Stewart*, 55 P.3d 107, 115 (Colo.2002). Equal protection is denied when two criminal statutes impose different penalties for identical conduct, and a person is convicted and sentenced under the statute with the harsher penalty; however, there is no equal protection violation where there are reasonable differences between the behaviors proscribed in the statutes, and the differences are both real in fact and reasonably related to the general purposes of the legislation. *Id.* at 114.

¶ 8 When a defendant is convicted, as a complicitor, of a crime committed by another, the complicitor is punished for the underlying crime. *People v. Ramirez*, 997 P.2d 1200, 1207 (Colo.App.1999).

## B. Analysis

¶ 9 As an initial matter, because the argument defendant raises on appeal is essentially the same as the argument made by his trial counsel, we reject the People's argument that defendant failed to preserve his constitutional challenge for review.

¶ 10 We conclude that subsections (1)(b) and (1)(c) of section 18–4–302 proscribe different conduct, and therefore defendant's equal protection claim fails.

¶ 11 As relevant here, under section 18–4–302(1), a person is guilty of aggravated robbery, if, during the act of robbery or immediate flight therefrom:

(b) He knowingly wounds or strikes the person robbed or any other person with a deadly weapon *or by the use of force, threats, or intimidation with a deadly weapon* knowingly puts the person robbed or any other person in reasonable fear of death or bodily injury; or

(c) He has present a confederate, aiding or abetting the perpetration of the robbery, armed with a deadly weapon, with the intent, either on the part of the defendant or confederate, if resistance is offered, to kill, maim, or wound the person robbed or any other person, *or by the use of force, threats, or intimidation* puts the person robbed or any other person in reasonable fear of death or bodily injury[.]

(Emphasis added.)

¶ 12 Contrary to defendant's contention, subsections (1)(b) and (1)(c) punish different conduct. As relevant here, to be found guilty based on threats or intimidation under subsection (1)(b), the defendant (or the principal, if the defendant is guilty as a complicitor) must knowingly threaten or intimidate the victim *with a deadly weapon.* § 18–4–302(1)(b). As relevant here, to be found guilty under subsection (1)(c), the defendant (or the principal, if the defendant is guilty as a complicitor) need not use a deadly weapon to threaten or intimidate the victim. § 18–4–302(1)(c). Because the two subsections proscribe different means by which a victim may be robbed through the use of threats or intimidation, they do not contain identical statutory elements, and therefore do not punish identical conduct. *See Campbell v. People,* 73 P.3d 11, 14 (Colo.2003) (comparing statutory elements to determine whether two statutes proscribe identical conduct); *see also People v. Loomis,* 857 P.2d 478, 480 (Colo.App.1992) (discussing similar distinction between elements of first degree and second degree burglary). *People v. Martinez,* 42 Colo.App. 307, 600 P.2d 82 (1979), cited by defendant, does not address this issue, and is therefore inapposite.

¶ 13 Because the use of a deadly weapon as described in subsection (1)(b) is more serious conduct than the conduct described in subsection (1)(c), there is a rational basis for the legislature to have imposed mandatory sentencing under the crime of violence statute for violation of subsection (1)(b), while not imposing such sentencing for violation of subsection (1)(c). *See Stewart,* 55 P.3d at 115.

¶ 14 Though defendant argues that he could only have been convicted as a complicitor, the trial court disagreed, relying on testimony (albeit conflicting testimony) indicating that defendant also had a gun while threatening the victims, and thus stated that defendant could also have been found guilty as a principal. We need not resolve this issue, because, even if the jury relied solely on a complicity theory to find defendant guilty, his conviction of the more serious offense proscribed under subsection (1)(b) properly subjected him to an enhanced sentence. *Ramirez,* 997 P.2d at 1207 (once a complicitor undertakes to aid in the commission of the substantive offense, he bears the risk of the resultant penalty, including the risk of an enhanced penalty).

¶ 15 Accordingly, we conclude that defendant's conviction and sentence did not violate the Equal Protection Clause.

¶ 16 The judgment and sentence are affirmed.

JUDGE DAILEY and JUDGE MILLER concur.