COLORADO COURT OF APPEALS                                      2016COA98

---

Court of Appeals No. 14CA1549
Pueblo County District Court No. 12CR83
Honorable Victor I. Reyes, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Tony James Reyes,

Defendant-Appellant.

---

SENTENCE AFFIRMED

Division VII
Opinion by JUDGE LICHTENSTEIN
J. Jones and Dunn, JJ., concur

Announced June 30, 2016

---

Cynthia H. Coffman, Attorney General, Jacob R. Lofgren, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Douglas K. Wilson, Colorado State Public Defender, Meghan M. Morris, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellan

¶ 1    Defendant, Tony James Reyes, asks us to decide whether a district court can set a resentencing hearing sua sponte and impose an increased sentence after an offender is terminated from a community corrections program.  Because we conclude that it can, we affirm his sentence.

## I.    Background

¶ 2    Reyes was charged with second degree burglary, a class 3 felony, and misdemeanor theft.  Pursuant to his plea agreement, he pleaded guilty to the theft count and received a two-year deferred sentence for second degree burglary.  The district court imposed a two-year probationary sentence, with a suspended jail term.

¶ 3    Near the end of those two years, his probation officer filed a revocation complaint.  In a new plea agreement, Reyes admitted to violating the terms of his probation and agreed to a sentence with a cap of eight years in the custody of the Department of Corrections.  The district court resentenced him to four years in community corrections.

¶ 4    Reyes was subsequently terminated from the community corrections program for violating its policies.  Reyes appeared before

a different judge for resentencing.  The judge questioned whether the original four-year community corrections sentence imposed by the previous judge was sufficient, and noted that, by statute, the court could set a resentencing hearing if it wanted to impose a higher sentence to the custody of the Department of Corrections.

¶ 5     Defense counsel objected, asserting that the court was not statutorily authorized to set a hearing sua sponte, and also argued that the court was treating his client differently from "hundreds of other defendants."  The court disagreed, and after holding a resentencing hearing it imposed a five-year sentence in the custody of the Department of Corrections.

¶ 6     Reyes raises four contentions on appeal.  First, he argues that the court lacked statutory authority under the community corrections statute to set a resentencing hearing sua sponte.  Second, he contends that the court violated separation of powers principles when it set the hearing despite the fact that the prosecution never requested one.  Third, he asserts that the court violated his right to equal protection when it singled him out for a sua sponte resentencing hearing just because it disagreed with the previous judge's sentence.  Finally, he claims the court abused its

2

discretion when it set a resentencing hearing for that same reason. We discuss and reject each contention in turn.

## II. Court's Statutory Authority to Set Resentencing Hearing Sua Sponte

¶ 7      Reyes contends that the court lacked the statutory authority to set a resentencing hearing without a request from one of the parties. We disagree with Reyes's contention because the statutes governing the resentencing of an offender after a termination from community corrections do not condition the court's authority to set a hearing on a request from one of the parties, and we will not read such a requirement into them.

### A. Standard of Review and Relevant Law

¶ 8      Statutory interpretation is a question of law that we review de novo. *Romero v. People*, 179 P.3d 984, 986 (Colo. 2007). Our main goal when interpreting any statute is to give effect to the General Assembly's intent. *Id.* To do so, we start by looking at the statute's plain language. *Id.* "When a statute is part of a complex of sentencing prescriptions, the entire scheme should be construed to give consistent, harmonious, and sensible effect to all its parts."

*People in Interest of J.S.R.*, 2014 COA 98, ¶ 13 (quoting *A.S. v. People*, 2013 CO 63, ¶ 11).

¶ 9     Section 18-1.3-301, C.R.S. 2015, governs the district court's authority over community corrections sentences.  Subsection (1)(e) addresses the court's authority to resentence an offender who has been terminated from a community corrections program.  It provides that, if an offender is rejected from a community corrections program after he or she was initially accepted, "the court may resentence the offender without any further hearing so long as the offender's sentence does not exceed the sentence which was originally imposed upon the offender."  § 18-1.3-301(1)(e).

¶ 10     In *Romero*, our supreme court was asked to resolve whether this language authorized a court to increase an offender's sentence if it held a resentencing hearing, or whether the language simply authorized a court to convert a community corrections sentence to an equivalent (or shorter) Department of Corrections sentence without having to hold a hearing.  The *Romero* court construed the plain language of subsection (1)(e) to mean that the district court can increase an offender's sentence so long as it holds a resentencing hearing.  *Romero*, 179 P.3d at 986-87.  It found

4

support for this construction in another subsection of the community corrections statute, section 18-1.3-301(1)(h)(I), which gives the sentencing court authority "to modify" a community corrections sentence "in the same manner as if the offender had been placed on probation." The court determined that it "must look to what sentence [a defendant] could have been given had he violated a condition of probation rather than a condition of his community corrections sentence." *Romero*, 179 P.3d at 987. In this inquiry, the supreme court concluded that it must apply section 16-11-206(5), C.R.S. 2015, of the probation revocation statute, because that subsection governs the resentencing of an offender who has violated a condition of probation. *Id.* And, under section 16-11-206(5), a court may impose any sentence "which might originally have been imposed or granted."

## B. Discussion

¶ 11 Reyes does not dispute that *Romero* permits a court to increase a sentence after holding a hearing, but contends that the court can hold a resentencing hearing only if the prosecutor or defendant requests it. He reasons that because subsection (1)(h) of the community corrections statute allows the court "to modify" a

community corrections sentence in the same manner as a probation sentence, we ought to look to the probation *modification* statute, section 18-1.3-204(4)(a), C.R.S. 2015, which, he contends, does not permit a court to set a resentencing hearing sua sponte. The probation modification statute states in pertinent part:

> For good cause shown and after notice to the defendant, the district attorney, and the probation officer, and *after a hearing if the defendant or the district attorney requests it,* the judge may reduce or increase the term of probation or alter the conditions or impose new conditions.

*Id.* (emphasis added). Reyes concludes, from this highlighted language, that the court can hold a resentencing hearing only if the prosecutor or the defendant requests it. We are not persuaded that the probation modification statute applies here.

¶ 12    When the supreme court in *Romero* construed subsection (1)(h) of the community corrections statute, it first "look[ed] to the facts of the case at hand to determine which provision of the probation statute would apply." *See* 179 P.3d at 987 n.3. It then determined that a resentencing on a termination from community corrections is analogous to resentencing on a probation revocation, and therefore it was required to limit its review to the probation

6

revocation sentencing statute to determine if a sentencing court has authority to increase the sentence. *See id.*

¶ 13 We are bound to follow this limit placed by our supreme court. We may not, therefore, apply the resentencing provisions of the probation modification statute because a "modification of probation is not analogous to a probation revocation proceeding." *People v. Hotle*, 216 P.3d 68, 70 (Colo. App. 2008) (stating that a modification of probation occurs "prior to the commencement of revocation proceedings and provides a defendant with another opportunity to complete his probation without having it revoked").

¶ 14 Accordingly, we conclude that section 16-11-206(5), and not the modification statute in section 18-1.3-204(4)(a), applies to the resentencing here. *See Romero*, 179 P.3d at 987-88; *see also People v. Griego*, 207 P.3d 870, 871 (Colo. App. 2008) (looking to the probation revocation statute when offender was terminated from community corrections).

¶ 15 Section 16-11-206(5) provides in pertinent part, "If probation is revoked, the court may then impose any sentence or grant any probation pursuant to the provisions if this part 2 which might originally have been imposed or granted." *Id.*

¶ 16      The plain language of this resentencing provision in section 16-11-206(5) does not state, much less suggest, that the prosecutor or defendant must request a resentencing hearing before the court can hold one. *See id.*

¶ 17      Reading section 16-11-206(5) together with section 18-1.3-301(1)(e), we perceive no legislative intent in either statute to restrict the court's ability to set a resentencing hearing only if the prosecutor or the defendant requests it. *See Carruthers v. Carrier Access Corp.*, 251 P.3d 1199, 1204 (Colo. App. 2010) ("[W]e will not interpret a statute to mean that which it does not express. Nor will we add or substitute language in an otherwise clear statute.") (citations omitted). As a result, we conclude that section 18-1.3-301(1)(e) does not condition a district court's authority to set a resentencing hearing on a request from one of the parties.

¶ 18      Our conclusion is consistent with the legislative purpose underlying section 18-1.3-301(1)(e). In *Romero*, the supreme court noted that "it is reasonable that the legislature would give courts flexibility to increase a sentence when the circumstances merit it." 179 P.3d at 987.

¶ 19  Reyes nonetheless points to language in *People v. James*, 940 P.2d 1092 (Colo. App. 1996), to argue that a hearing cannot be held absent a request from one of the parties. In *James*, a division of this court stated that a district court has "discretion to *grant* a hearing at the time of resentencing" under the community corrections statute. *Id.* at 1095 (emphasis added). Reyes argues that a court cannot "grant" something unless it was first requested by a party.

¶ 20  We are not persuaded by this argument. The issue in *James* was the constitutionality of the community corrections statute allowing the court to resentence a terminated offender without a hearing. *Id.* The division never addressed whether a district court has authority under the statute to set a hearing absent a request to do so. As a result, we will not read the language in *James* so broadly without clear statutory guidance to the contrary.

¶ 21  Accordingly, we conclude that section 18-1.3-301(1)(e) of the community corrections statute does not condition a district court's authority to set a resentencing hearing on a request from one of the parties.

### III. Separation of Powers

¶ 22    Next, Reyes contends that the court violated separation of powers principles when it set a resentencing hearing sua sponte. We do not agree with this contention.

### A. Standard of Review and Relevant Law

¶ 23    Whether the district court violated separation of powers principles is a question of law that we review de novo. *People v. Renander*, 151 P.3d 657, 659 (Colo. App. 2006).

¶ 24    The separation of powers doctrine "bars the judiciary from interfering with the executive or legislative branches." *Id.* As a member of the executive branch, a prosecuting attorney retains discretion "to initiate, alter, or dismiss charges." *Id.* (citing *People v. Dist. Court*, 632 P.2d 1022, 1024 (Colo. 1981)); *People v. Dist. Court*, 186 Colo. 335, 339, 527 P.2d 50, 52 (1974)). Prosecutorial discretion extends to the power to investigate, to decide whom to prosecute, and to choose which charges to file. *Dist. Court*, 632 P.2d at 1024.

### B. Discussion

¶ 25    Reyes claims that both the community corrections statute and separation of powers principles give the prosecutor discretion to

request a resentencing hearing after an offender is terminated from community corrections. He reasons that the court violated the separation of powers doctrine when it set a resentencing hearing after the prosecutor exercised her discretion not to request one.

¶ 26    Reyes first argues that the community corrections statute, by way of the probation modification statute, confers prosecutorial discretion to request a resentencing hearing. We are not persuaded. As we have concluded above, the probation modification statute is not applicable when an offender is terminated from community corrections and resentenced.

¶ 27    Reyes also relies on *People v. Storlie*, 2014 CO 47, to support his claim. His reliance is misplaced.

¶ 28    In *Storlie*, the supreme court addressed the district court's authority to deny a prosecutor's good faith motion to dismiss a case. *Id.* at ¶¶ 10, 11. It is well-established that "the discretion to dismiss criminal charges lies with the prosecution, not the court." *Id.* at ¶ 10. But Reyes points to no similar authority, and we have found none, that suggests that the discretion to request a resentencing hearing under these circumstances lies solely with the

prosecution. We decline to extend the separation of powers doctrine so far in this case.

¶ 29     Accordingly, we conclude that the district court did not violate separation of powers principles when it set the resentencing hearing sua sponte.

## IV.    Equal Protection

¶ 30     Reyes also argues that the court violated his right to equal protection under the laws when it singled him out from hundreds of other defendants and set a resentencing hearing just because it disagreed with the prior judge's four-year sentence. We perceive no equal protection violation.

### A.    Standard of Review and Relevant Law

¶ 31     We review equal protection challenges de novo. *See People v. Firm*, 2014 COA 32, ¶ 6.

¶ 32     "Equal protection of the laws assures the like treatment of all persons who are similarly situated." *Dean v. People*, 2016 CO 14, ¶ 11; *see* U.S. Const. amend. XIV, § 1; Colo. Const. art. II, § 25. Where, as here, the challenged state action does not affect a fundamental right or a traditionally suspect class, we apply a rational basis review. *Dean*, ¶ 12. Under this standard, the

challenging party bears the burden of proving that the action "bears no rational relationship to a legitimate legislative purpose or government objective, or that the classification was otherwise unreasonable, arbitrary, or capricious." *Id.*; *see also Tassian v. People*, 731 P.2d 672, 675 (Colo. 1987) ("[A] governmental classification which singles out a group of persons for disparate treatment [must] be rationally founded on differences that are real and not illusory and that such classification be reasonably related to a legitimate state interest.").

## B. Discussion

¶ 33   Reyes contends that the court singled him out for a resentencing hearing based solely on its disagreement with the prior court's original four-year sentence. He argues that this is an arbitrary distinction that violates his right to equal protection.

¶ 34   At Reyes's first court appearance for resentencing, the judge stated that it was setting a hearing because he thought "the four-year sentence that was originally given by the Judge, when I wasn't here, is [in]sufficient, as far as this Class 3 felony." At the next appearance, defense counsel sought to clarify the court's motivation for setting the resentencing hearing:

13

[Defense Counsel]: [T]he rationale that the Court gave last Monday was that it didn't necessarily agree with [the previous judge's] sentence. That was my recollection.

[Court]: What I'm saying is that, based upon the revocation that he had, I believe that he should have a longer sentence than four years. And without giving him a hearing, I can't impose a longer sentence than four years.

. . . .

[Defense Counsel]: But the Court stated last week the reason for doing this, and setting this hearing, is because you didn't agree with what [the previous judge] gave him in the first place.

[Court]: The only way I can sentence him . . . to a longer sentence is by giving him a hearing.

[Defense Counsel]: I understand. But I want to get on the record why the Court wants to give him a longer sentence. And the reason the Court gave last week was that it did not agree with [the previous judge's] sentence of four years.

[Court]: That I don't think it's proper, at this point?

[Defense Counsel]: Yes.

[Court]: Absolutely, or else we wouldn't be having a hearing.

¶ 35    Read in context of its further explanation, we are persuaded that the court set a resentencing hearing because it knew that,

14

pursuant to statute, the original four-year sentence would restrict its ability to impose a lengthier prison sentence, and it believed that four years was no longer appropriate in light of the circumstances of Reyes's case, particularly his prior probation violations and his violations of the community corrections program's policies.

¶ 36    This reason is rationally related to a legitimate government objective: giving courts that are resentencing offenders terminated from community corrections the "flexibility to increase a sentence when the circumstances merit it." *Romero*, 179 P.3d at 987. Indeed, "the sentencing court's responsibility is to individualize and tailor a sentence to fit the crime and the particular defendant before the court. . . .  The exercise of this discretionary power does not deny a defendant equal protection under the laws." *People v. Garberding*, 787 P.2d 154, 158 (Colo. 1990).

¶ 37    Therefore, we are persuaded that the court's decision to set a resentencing hearing was rationally related to a legitimate governmental objective and did not violate Reyes's right to equal protection.

15

## V. Whether Setting a Resentencing Hearing Was an Abuse of Discretion

¶ 38    Finally, Reyes asserts that even if the court did not violate his equal protection rights, the court abused its discretion when it set the resentencing hearing because its decision was manifestly arbitrary and abrogated the previous judge's sentence, which was the law of the case. We are not persuaded.

¶ 39    As discussed above, we conclude that the court's decision to set a hearing was not arbitrary, but rationally based on the particular circumstances of Reyes's case. And the prior judge's four-year sentence was not binding as the law of the case because of changed conditions. *See People v. Roybal,* 672 P.2d 1003, 1005 n.5 (Colo. 1983) ("However, the law of the case as established by trial court rulings is not binding if it . . . is no longer sound due to changed conditions . . . ."). After the original judge imposed the four-year community corrections sentence, Reyes violated its policies and was terminated from the program. Thus, by statute, the court was required to resentence Reyes, and, by setting a hearing, it had the authority to impose any sentence that could have been originally imposed. § 16-11-206(5); § 18-1.3-301(1)(e);

16

*Romero*, 179 P.3d at 987. Therefore, we conclude that the court did not abuse its discretion when it set the resentencing hearing.

## VI.    Conclusion

¶ 40    Reyes's five-year sentence to the custody of the Department of Corrections is affirmed.

JUDGE J. JONES and JUDGE DUNN concur.